Filed 6/24/14  In re Luke B. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049439 |
| v. | (Super. Ct. No. DL038494) |
| LUKE B., | O P I N I O N |
| Minor and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregory W. Jones, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*     \*     \*

We appointed counsel to represent Luke B. on appeal.  Counsel filed a brief that set forth the facts of the case.  Counsel did not argue against her client but advised

the court she found no issues to argue on his behalf. Luke was given 30 days to file written argument on his own behalf. That time has passed, and he did not file a brief.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436. The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.) Here, Luke did not file a supplemental brief raising any issues.

Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel provided the court with information as to one issue that might arguably support an appeal. Counsel questioned whether the record supports the juvenile court's finding Luke committed a violation of Penal Code section 211. We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and found no arguable issues on appeal. The judgment is affirmed.

PROCEDURAL HISTORY

Luke had allegations on numerous previous petitions sustained. The sustained allegations from the first three petitions are: one count of sale or transportation of marijuana in violation of Health and Safety Code section 11360, subdivision (a), a felony, and one count of sale or transportation of Ecstasy in violation of Health and Safety Code section 11379, subdivision (a), a felony (Petition One); one count of public intoxication in violation of Penal Code section 647, subdivision (f), a misdemeanor (Petition Two); and one count of petty theft in violation of Penal Code sections 484 and 488, a misdemeanor, one count of false representation to a peace officer in violation of Penal Code section 148.9, subdivision (a), a misdemeanor, and one count of possession of alcohol by a minor in violation of Business and Professions Code section 25662,

2

subdivision (a), a misdemeanor (Petition Three).  Sustained allegations from the next two petitions are:  one count of possession of a deadly weapon in violation of Penal Code section 12020, subdivision (a)(1), a felony (Petition Four); one count of second degree commercial burglary (Albertsons) in violation of Penal Code section 459 and 460, subdivision (b), a misdemeanor; and one count of possession of an alcoholic beverage by a minor in violation of Business and Professions Code section 25662, subdivision (a), a misdemeanor (Petition Five); there were no sustained allegations on Petitions Six through Nine.  Allegations of one count of resisting a peace officer in violation of Penal Code section 148, subdivision (a)(1), a misdemeanor, and one count of minor in possession of tobacco in violation of Penal Code section 308, subdivision (b), a misdemeanor, were sustained in Petition 10.

On November 13, 2013, the 11th Petition was filed, alleging one count of second degree robbery (Walmart), in violation of Penal Code sections 211 and 212.5, subdivision (c), a felony, and one count of second degree burglary (Walmart) in violation of Penal Code sections 459 and 460, subdivision (b), a felony.  At the adjudication hearing on December 5 and 6, 2013, the juvenile court found count one of Petition 11 to be true, and dismissed count two based on insufficient evidence.  The court declared Luke a ward of the court pursuant to Welfare and Institutions Code section 602.  The court committed Luke to juvenile hall for 180 days with credits for 23 days and to serve the balance in the ASERT Program.  The court ordered Luke may not be held in physical confinement for a period to exceed five years.  Luke filed a timely notice of appeal.

FACTS

On November 8, 2013, at approximately 7:30 p.m., Jose Luis Olvera and Briana Stine-Ramos, loss prevention officers for Walmart, were working asset protection at the Walmart in Irvine.  While watching surveillance, Olvera and Ramos saw Luke concealing merchandise, including a Coleman fire starter from the Sporting Goods Department, in his front, left pocket and waistband.  Luke was observed to walk out of

3

the store without attempting to pay for the merchandise. After Luke left the store, Olvera and his partner Stine-Ramos approached Luke and identified themselves as Walmart security. Olvera asked Luke to return the merchandise Luke concealed in his waistband. At first Luke denied having any merchandise, and then he threw an item on the floor, pushed Olvera, pushed Stine-Ramos, and fled. The item Luke threw was packaging for a fire starter. The surveillance video of the incident was played for the court.

Olvera called the police. Irvine Police Officer Bradley Boyer responded to a petty theft or robbery at the Walmart. When he first arrived, Boyer headed to the loss prevention office but was advised another officer had detained a subject possibly matching the suspect's description. After conferring with Officer Nick Kim, who had detained Luke, Boyer went to speak with the Walmart loss prevention officers. Olvera later identified Luke at an in-field identification. At the in-field identification, the police returned the Coleman fire starter and a camping knife to Olvera.

After having been advised of his *Miranda*[1] rights, Luke told Boyer he went into the store with his friend, saw items he wanted which were a fire starter and camping knife, he placed the fire starter in his front, left pocket, and the knife in his waistband, he walked past the registers without paying, and employees confronted him. Luke told Boyer that he returned the fire starter and ran. Luke threw the fire starter and packaging on the ground when the security employees first confronted him. Luke denied touching Olvera and Stines-Ramos but told Boyer that he "probably shoved past them." Luke tried to get on a bus and was confronted by an unknown man, Luke gave the man the knife, and he ran away. Luke told Boyer that he was then detained by a police officer. The knife was recovered at the scene where Luke was detained by Kim. Boyer returned the knife to the Walmart employees who identified it as Walmart property.

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

## DISCUSSION

The fact counsel filed the opening brief under *Wende* confirms she does not believe the issues she listed are arguable. When specific issues are raised by the appellant himself in a *Wende* brief, we must expressly address those issues in our opinion. (*Kelly, supra,* 40 Cal.4th at pp. 110, 120, 124.) In this case, Luke did not file a supplemental brief. We have reviewed the record in accordance with our obligations under *Wende* and *Anders* and considered the issues listed by counsel. We find no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed

O'LEARY, P. J.

WE CONCUR:

FYBEL J.

THOMPSON, J.